# UNITED STATES DISTRICT COURT
## for the
## District of Puerto Rico

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 17-647 (PG) |
| CARLOS J. ECHEVARRÍA-GUZMÁN ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ -1 The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ -2 The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ -3 A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release

from prison for the offense described in finding (1).

☐ -4 Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ -1 There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____ .

☐ under 18 U.S.C. § 924(c).

☐ -2 The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
## for the
## District of Puerto Rico

### Alternative Findings (B)

☒ -1      There is a serious risk that the defendant will not appear.

☒ -2      There is a serious risk that the defendant will endanger the safety of another person or the community.

1-The defendant, who is active in the use of marijuana, has a prior conviction for violations to the PR Controlled Substances Act and the PR Weapons Act.
2-According to the government's proffer of the evidence the police found at least 72 rounds of ammunition in the stolen vehicle that was driven by the defendant. The police eventually intervened with the defendant at a residence in Guaraguao Ward, Road 833, Km 2, Hm 3, Guaynabo, PR. In said residence the police found a Leinad pistol, a Colt revolver, and more ammunition. Another stolen vehicle was found within the area of the residence. At the bail hearing, through counsel, the defendant claimed that he does not own the residence and that he does not live in the residence. The government proffered, however, that at the time of the intervention the defendant asked the police officers what were they doing in his residence. Furthermore, the address previously mentioned was identified by the defendant to the Pretrial Services officer during the interview as the residence where he lived, a fact that was corroborated by one of the defendant's brothers to the Pretrial Services officer.
3-The government also proffered that the defendant attempted to escape twice. The first time the defendant returned to the residence, but when he was told by the police that he was going to be arrested for possession of a stolen vehicle, he attempted to flee again.
4-None of the defendant's relatives have electricity in their homes, thus making it more difficult to find viable locations where the defendant could be released.

**Part II— Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that no condition or combination of conditions of release may be imposed that could reasonably secure the safety of the community and the appearance of the defendant to further court proceedings.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:     December 21, 2017             *s/Marcos E. López*

                                                                                                *Judge's Signature*

                                                                       U.S. Magistrate Judge

                                                                         *Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).